Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200-197
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

Attorneys for Plaintiff, David Farrell, and the proposed class

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FARRELL, an individual California resident, on behalf of himself and the proposed class<br><br>Plaintiff<br><br>v.<br><br>BJ'S RESTAURANT OPERATIONS COMPANY, a California corporation, and DOES 1 THROUGH 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO PROVIDE REST BREAKS**<br>2. **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**<br>3. **FAILURE TO PAY OVERTIME WAGES**<br>4. **WAGE STATEMENT VIOLATIONS**<br>5. **FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES**<br>6. **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17208);**<br>7. **INJUNCTION**<br>8. **VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT (Labor Code Section 2698 *et seq.*)**<br>9. **VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA", 29 U.S.C. § 201, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff David Farrell, (hereinafter "Plaintiff") on behalf of himself, and the proposed class brings the following causes of action against Defendant.

## I.    THE PARTIES

### A.    The Plaintiff

1.    Plaintiff David Farrell ("Plaintiff") is a California resident.  At all relevant times herein, Plaintiff was employed by Defendant BJ's Restaurant as a server in Los Angeles County.  Plaintiff worked as a server for Defendant from May 2017 to February 2020.

### B.    The Defendant

2.    Defendant BJ's Restaurant Operations Company ("BJ's" or "Defendant"), is a California corporation, and is located in Huntington Beach, California and does business throughout Southern California.  Defendant regularly and systematically does business in Los Angeles County.

3.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant sued here in as DOES 1 through 10, inclusive, are currently unknown to plaintiff, who therefore sues Defendant by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed and believes, and based thereon alleges, that Defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendant designated hereinafter as DOES when such identities become known.

## II.    GENERAL ALLEGATIONS

4.    Plaintiff worked as a server at BJ's in Palmdale, California from May 2017 through February 2020.

5.    Plaintiff worked for Defendant approximately 30-40 hours per week

COMPLAINT

working the evening "closer" shift.

6.      Plaintiff alleges he was not paid for various off the clock work for Defendants.

7.      Plaintiff alleges Defendant instructed Plaintiff to clock out for his meal break within the first hour of his shift so that Plaintiff would be available later in the evening to take tables during the dinner rush.  A meal break later in the evening would have interfered with tables in his section, requiring an additional server to act as a "breaker" during the evening dinner rush.

8.      Plaintiff alleges after taking his meal break within the first hour of arrival, Plaintiff worked the next 5-7 hours without any other rest or meal breaks.

9.      Plaintiff alleges he was not permitted to take rest periods for every four hours or major fractions thereof worked, pursuant to the Labor Code, Industrial Welfare Commission Wage Order 9-2001, and other applicable Orders.

10.      Defendant also had a consistent policy of failing to authorize, or permit rest periods of at least ten minutes per four hours, or major fraction worked, and failing to pay such employees one hour of pay at their regular rate of compensation for each workday that the rest period was not provided, or other compensation as required by California state wage and hour laws.

11.      Plaintiff was not paid overtime wages for shifts over 8 hours and work weeks more than 40 hours.  Plaintiff alleges violations of the FLSA, and California Labor Code § 510. Plaintiff is entitled to regular pay, plus overtime pay for each overtime hour worked.

12.      As a result of the Defendant's pay policies, Defendant failed to provide accurate, itemized wage statements to Plaintiff as required by Labor Code section 226.

13.      Defendant failed to pay all wages owed Plaintiff as required by Labor

COMPLAINT

Code section 203. This claim results from Defendant's failure to pay premium wages for missed, late, interrupted or short break periods under Labor Code section 226.7, and corresponding IWC Wage Order 4-2001.

14.    Plaintiff alleges that Defendant's corporate policies and procedures are such that Plaintiff was not able to, or permitted to, take timely rest and meal breaks while in Defendant's employ. Defendant maintained a company-wide policy and practice to essentially not allow its employees an opportunity to be able to take timely breaks or lunch periods pursuant to the Labor Code, Industrial Welfare Commission Wage Order 5-2001, and other applicable Wage Orders.

15.    Plaintiff alleges that Defendant knew or should have known that Defendant's company-wide policies, or lack thereof, and procedures prevent Defendant's employees from taking timely rest and meal breaks.

16.    Plaintiff alleges that Defendant engages in uniform and unlawful conduct resulting in violation of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 1194, and 2750.5

17.    The claims for which restitution are owed relate to unpaid wages for late and interrupted meal and rest periods.

18.    Plaintiff brings this action pursuant to Business and Professions Code §§ 17200-17208, seeking injunctive relief and restitution of all benefits obtained by Defendant by engaging in the unlawful conduct complained herein.

19.    On January 21, 2020, Plaintiff filed a Private Attorney General Act (PAGA) complaint with California's Labor Workforce Development Agency (LWDA).

### III. CLASS ALLEGATIONS

20.    Plaintiff seeks to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

COMPLAINT

**All hourly workers for BJ's Restaurant in California within the last 4 years.**

Plaintiff reserves the right to amend this class definition.

21.    ***Numerosity.*** The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiff. The true number of the proposed class is known by the Defendant, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

22.    ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members. These common legal and factual questions regarding, among other things, whether Plaintiff and the class they seek to represent were/ are misclassified and are in fact non-exempt hourly sales people, whether the outside sales exception applies here, and whether and how much Defendant owes Plaintiff and the proposed class in unpaid wages, fees, costs, and other damages and/or penalties, and also involve the following class questions:

(a)    whether Defendant is and was subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to Plaintiff and the proposed class pursuant to Wage Order No. 10-2001 for the period commencing four years prior to the date of the filing of this Complaint and continuing through the date of judgment.

(b)    whether Defendant violated California law by their policies,

COMPLAINT

programs, practices, procedures and protocols regarding rest periods for Plaintiffs and the proposed class;

(c)      whether Defendant violated Business & Professions Code sections 17200 et seq., by their policies, programs, practices, procedures and conduct referred to in this cause of action;

(d)      whether Plaintiff and the proposed class are entitled to injunctive relief.

23.     ***Typicality.*** Plaintiff's claims are typical of the claims of the proposed class.

24.     ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the members of the proposed class.  Plaintiff has retained counsel experienced in complex labor class action litigation.  Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the proposed class.

25.     ***Superiority.*** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant.  It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if proposed class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these

COMPLAINT

issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

26.     Unless a class action is certified here, Defendant will retain monies received as a result of its conduct that was taken from Plaintiff and proposed class members. Unless a class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the proposed class members and the general public will continue to be misled.

## IV.    CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Failure to Provide Rest Breaks

### (Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)

27.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

28.     By failing to provide rest periods every four (4) hours or major fraction thereof worked per workday by non-exempt employees and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendant willfully violated the provisions of Labor Code section 226.7 and IWC Wage Orders at section 12.

29.     By failing to keep adequate time records as required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendant has injured Plaintiff and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff.  On information and belief, Plaintiff alleges Defendants' failure to maintain accurate records was willful.

30.      As a result of the unlawful acts of Defendant, Plaintiff has been

deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys fees and costs, under Labor Code sections 201,202, 203, 218.5, 226, 226.7, 1194 and 1199, and the applicable IWC Wage Orders.

31.    Plaintiff alleges Defendant is liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Failure to Provide Meal Periods
### (Labor Code § 226.7 and 512)

32.    Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

33.    Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provided as follows:

> i.    No employer shall employ any person for a work period or more than five (5) hours without a meal period of not less than 30 minutes…
>
> ii.   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

34.    Similarly, Labor Code § 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer.  Throughout the period applicable to this cause of action, Defendant failed to consistently allow and

COMPLAINT

provide the meal periods required by California law.  Therefore, Plaintiff is entitled to compensation as stated above, plus interest, attorneys fees, costs and other applicable relief.

35.    Throughout the period applicable to this cause of action, Defendant required Plaintiff to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore, Plaintiff is entitled to be paid as stated in Labor Code § 226.7, plus interest, attorneys' fees, costs, and other applicable relief.

36.    On information and belief, Plaintiff alleges he did not voluntarily or willfully waive rest and/ or meal periods and was regularly required to work through rest and meal periods.  Defendant failed to meet the requirements for lawful on-duty rest and/or meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods.  As such, non-exempt employees were intimidated or coerced into waiving rest and/or meal periods, and any written waivers were obtained without full disclosure and are thus involuntary and without consent.

37.    Plaintiff alleges Defendant is liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**(Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders**
**and Related Violations)**

38.    Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

39.     Defendant illegally failed to pay overtime wages, and in so doing, Defendant willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

40.     California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over eight in a day or forty per week for overtime and over twelve in a day for double-time.

41.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of compensation for overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

42.     Plaintiff alleges Defendant is liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### Wage Statements Violations

### (Labor Code §226(a))

43.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

44.     Section 226(a) of the California Labor Code requires Defendants to itemize all wage statements deductions from payment of wages and to accurately report total hours worked by Plaintiff.  Defendant has knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff.

45.     California Labor Code § 226(a) sets forth reporting requirements for

COMPLAINT

employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

46.     As a consequence of Defendant's knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff is entitled to actual damages or penalties not to exceed $4,000.00 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

47.     Plaintiff alleges Defendant is liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Failure to Pay Wages of Terminated Employees

### (Labor Code § 201-203)

48.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

49.     As of the filing of the Complaint, Defendant failed to timely pay wages due, and Plaintiff is owed penalties pursuant to Labor Code sections 201, 202, 203.

50.     Defendant failed to pay Plaintiff said employees, without abatement, all wages owed to Plaintiff (as defined by applicable California law) within the time required by applicable California law.  Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint,

11

COMPLAINT

nor were they paid the other unpaid wages referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

51.    Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

52.    Plaintiff alleges Defendant is liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### Violations of the Unfair Competition Law
### (Bus. & Prof. Code, §§ 17200-17208)

53.    Plaintiffs re-allege and incorporate by this reference each of the foregoing paragraphs as if fully set forth herein.

54.    Defendant's policy and practices alleged herein resulted in the Defendant's failure to pay for all working hours, failure to pay overtime, failure to pay under the terms of the employment agreement, and as mandated by law. Defendant has violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which may be discovered in the course of litigation, and which constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

55.    The actions of Defendant in failing to pay Plaintiff in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et. seq.*

COMPLAINT

56.     Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law.  Plaintiffs bring this cause individually subject to Defendants' unlawful acts and practices.

57.     As a result of Defendant's unlawful acts, Defendant has reaped and continue to reap unfair benefits at the expense of Plaintiff.  Defendant should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains, and restore to Plaintiff of the public wrongfully withheld wages and/or other moneys pursuant to Business and Professions Code, sections 17200 *et seq*.  Plaintiff is informed and believes, and on that basis alleges, that Defendant is unjustly enriched through their failure to provide wages and overtime wages and timely and legal rest and meal breaks to Plaintiff.

58.     Plaintiff is informed and believes, and on that basis alleges, that Plaintiff was prejudiced by Defendant's unfair trade practices.

59.     As a direct and proximate result of the unfair business practices of Defendant, and each of them, Plaintiff is entitled to equitable and injunctive relief, including full restitution, specific performance, and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff as a result of the business acts and practices herein, and enjoining of Defendant to cease and desist from engaging in the practices described herein.

60.     The illegal conduct alleged herein is continuing and there is no indication that Defendant will discontinue such activity in the future. Plaintiff alleges that if Defendant is not enjoined from the conduct set forth in this Complaint, Defendant will continue to fail to pay wages owed.

61.     Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendant from continuing to fail to pay all wages owed.

62.     Plaintiff alleges Defendant is liable to Plaintiff and the proposed class for actual damages, statutory damages, and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Injunction

63.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

64.     Plaintiff seeks injunctive relief to prohibit the continuing unlawful acts alleged herein.

65.     Defendant's practices caused Plaintiff to suffer damages, and continue to cause wage and hour damages, fees and costs to members of the proposed class who currently still work for Defendant.

66.     Plaintiff seeks to enjoin Defendant from continuing their ongoing wage and hour violations at Defendant's places of business.

67.     Plaintiff does not have a plain, speedy, and adequate remedy in the ordinary course of law, other than the requested injunctive relief.

## EIGHTH CAUSE OF ACTION

### Violation of the Private Attorneys General Act

### (Labor Code §§ 2698)

68.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

69.     As a result of the acts alleged above, Plaintiff seeks penalties under all Labor Code Sections, including but not limited to, 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802.

COMPLAINT

70.     For each such violation, Plaintiff is entitled to penalties in an amount to be shown at the time of trial subject to the following formula.

        1.  For $100 for the initial violation per pay period.

        2.  For $200 for each subsequent violation per pay period.

71.     These PAGA penalties shall be allocated 75% to the Labor and Workforce Development Agency ("LWDA") and 25% to the affected employee.

72.     Plaintiff filed a PAGA complaint online with the LDWA on or about January 21, 2020, and served Defendant by certified mail as prescribed by the Labor Code.  Plaintiff seeks penalties as though the LWDA decided not to investigate pursuant to Labor Code §2699.3(a)(2)(A).

73.     Defendant has violated and continues to violate Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802 as it pertains to Plaintiff.

74.     Plaintiff and the proposed class request relief as described in the Prayer alleged *supra*, herein.

## NINTH CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

### ("FLSA," 29 U.S.C. § 201, et seq.)

75.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

76.     Plaintiff worked for Defendant without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a). That Section provides the following: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

15

COMPLAINT

77.    Plaintiff alleges Defendant required Plaintiff and the proposed class, to work without additional compensation, such as overtime pay in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That Section provides the following: "Except as otherwise provided in this section, no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed."

78.    Plaintiff alleges Defendant required Plaintiff, as part of his employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation therefore and/or to work at a wage less than the minimum wage, pursuant to, inter alia, 29 U.S.C. §§ 206 and 207(a)(1).

79.    Plaintiff's FLSA claims are brought not only for alleged overtime violations, but also for alleged off-the-clock and minimum wage violations as well. Indeed, in the performance of his duties for Defendant, Plaintiff often did work over forty hours per week, yet did not receive straight or overtime compensation for the work, labor and services they provided to Defendant, as required by the FLSA. The precise number of unpaid overtime hours will be proven at trial.

80.    Defendant's violations of the FLSA were willful and are ongoing. As a result of the foregoing, Plaintiff and the proposed class seek judgment against Defendant for unpaid wages, including overtime wages owed by Defendant pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, inter alia, 29 U.S.C. § 216(b).

# V.

## **PRAYER FOR RELIEF**

Plaintiff prays as follows:

1.  That the Court determine that the failure of the Defendant to pay compensation to the Plaintiff is adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2.  That the Defendant is ordered to pay and judgment be entered for wages for Plaintiff according to proof;

3.  That the Defendant is ordered to pay and judgment be entered for overtime wages, to Plaintiff according to proof;

4.  That the Defendant is ordered to pay and judgment be entered for liquidated damages under Labor Code section 1194.2 to Plaintiff according to proof:

5.  That the Defendant is ordered to pay and judgment be entered for Labor Code, section 226 penalties to Plaintiff according to proof;

6.  That the Defendant is ordered to pay and judgment be entered for Labor Code, section 226(f) penalties to Plaintiffs according to proof;

7.  That the Defendant is ordered to pay and judgment be entered for Labor Code, section 203 penalties to Plaintiff according to proof;

8.  That the Defendant is found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

9.  That the Defendant is ordered and enjoined to pay restitution to Plaintiff due to the Defendant's unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

COMPLAINT

10. That Defendant is enjoined from further acts of unfair competition and specifically from failing to pay compensation to Plaintiff;

11. That Plaintiff is awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194 and Code of Civil Procedure, section 1021.5;

12. Otherwise determine the appropriate remedy to compensate Plaintiff, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate;

13. Prejudgment Interest; and

14. Any other relief this court deems proper.

**DATED:** April 23, 2020                **HAMNER LAW OFFICES, APLC**

CHRISTOPHER J. HAMNER
Attorney for Plaintiff David Farrell and the proposed class

18

COMPLAINT